FILED

2003 OCT 31 P 12: 28

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GALEN INSTITUTE, ET AL<br>*Plaintiffs* | : | CIVIL ACTION NO. 3:02CV1637 (JCH) |
| V. | : | |
| VALERIE LEWIS, ETAL,<br>*Defendants* | : | OCTOBER 30, 2003 |

## DEFENDANTS' ANSWER

The defendants in the above-captioned matter hereby answer the amended complaint as follows:

NATURE OF ACTION

1. Paragraph 1 is denied except for the jurisdictional recitation contained therein.

2. Paragraph 2 is admitted.

PARTIES

1-4. Paragraphs 1-4 are admitted.

JURISDICTION AND VENUE

1. The defendants admit, without waiving their rights to argue that the court has no jurisdiction over various portions of the complaint because of sovereign immunity, that the statutes cited give the court jurisdiction over some portions of the amended complaint.

FIRST COUNT (Galen Institute, LLC v. Brenda Lerner- violation of 42 U.S.C. §1913 based on violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution.

1. Paragraph 1 is admitted.

2. As to Paragraph 2-7, the defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

8. Paragraph 8 is admitted to the extent that it alleges that Galen obtained a license to operate an occupational school in accordance with the applicable statutes. The statutes are incorrectly cited in the amended complaint.

9. Paragraph 9 is denied.

10. As to Paragraph 10, the defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied in that it inaccurately assigns all responsibility to defendant Lerner and that it alleges that the requests were only communicated during the inspection. Paragraph 13 is admitted to the extent that it alleges that Galen made the changes required by the DHE inspection team resulting in Galen's authorization for the year.

14. Paragraph 14 is denied in that defendant had no authority to reauthorize Galen and therefore did not reauthorize Galen. The Department of Higher Education's decision to reauthorize Galen was based on a number of factors which are not included in Paragraph 14.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied in that it inaccurately assigns all responsibility to defendant Lerner. Paragraph 16 is admitted to the extent that it alleges that Galen made the changes required by the DHE inspection team resulting in Galen's authorization for the year.

17. Paragraph 17 is denied in that the defendant had no authority to place Galen on probation. The paragraph is further denied in that the State Department of Higher Education's decision to place Galen on probation was in accordance with all applicable statutes.

18. Paragraph 18 is admitted.

19. As to Paragraph 19, the defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

20. Paragraph 20 is denied.

21-27. As to Paragraph 21-27, the defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

28. Paragraph 28 is admitted only insofar as it alleges that the defendant attended the inspection. COMTA was aware that the defendant would attend and the defendant has insufficient information on which to form a belief as to what was communicated by COMTA to Galen and therefore leaves the plaintiff to its proof.

29. The defendant has insufficient information on which to form a belief as to the conversation that may have occurred between her and Lattanzio and therefore leaves the plaintiff to its proof, but does acknowledge that it was the policy of DHE to attend these inspections.

30. Paragraph 30 is denied.

31. The defendant admits that COMTA was in the final stages of receiving national recognition but that it had not achieved national recognition.

32. Paragraph 32 is denied in that the defendant denies that anything she did was "wrongful."

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. The defendant has insufficient information on which to form a belief as to whether she delivered the notices, but does admit that Galen received a certificate indicating that Galen was on probation.

37. Paragraph 37 is denied

38. Paragraph 38 is denied in that the plaintiff inaccurately alleges that the reauthorization occurred at the inspection.  The defendant admits that Galen received a reauthorization for three years.

39. Paragraph 39 is denied in that the defendant denies she acted arbitrarily or irrationally.  As to any costs incurred by Galen the defendant has insufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

SECOND COUNT (Galen Institute LLC v. Valerie Lewis- violation of 42 U.S.C. §1983 based on violations of the equal protection clause of the Fourteenth Amendment to the United States.

1-8. The defendant hereby restates the answers set out in response to Paragraphs 1-8 of the First count and incorporates them as the answers to Paragraphs 1-8 of the Second Count.

9. Paragraph 9 is denied.

10. As to Paragraph 10, the defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied to the extent that alleges that Lewis made any request of any kind at the March, 2001 inspection.

14. Paragraph 14 is denied to the extent that it alleges that Lewis was in any way acting outside of her official capacity as commissioner of the State Department of Higher Education. It is admitted to the extent that it alleges that Galen was granted a one year renewal.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied to the extent that it alleges that Lewis made any request of any kind at the March, 2002 inspection.

17. Paragraph 17 is denied.

18. Paragraph 18 is admitted.

19-30. The defendant hereby restates the answers set out in response to Paragraphs 19-30 of the First Count and incorporates them as the answers to Paragraphs 19-30 of the Second Count.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied in that the defendant denies that she wrongfully committed any of the acts alleged.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. The defendant has insufficient information on which to form a belief as to whether Lerner delivered the notices, but admits that Galen received a certificate indicating that Galen was on probation.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied in that the plaintiff inaccurately alleges that the reauthorization occurred at the inspection. The defendant admits that Galen received a reauthorization for three years.

39. Paragraph 39 is denied in that the defendant denies she acted arbitrarily or irrationally. As to any costs incurred by Galen the defendant has insufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

40-42. Paragraphs 40-42 are denied.

THIRD COUNT (Galen Institute, LLC v. Jonas Zdanys- violation of 42 U.S.C. §1983 based on violations of the equal protection clause of the Fourteenth Amendment to the United States Constitution.)

1-8. the defendant hereby restates the answers set out in response to Paragraphs 1-8 of the First count and incorporates them as the answers to Paragraphs 1-8 of the Third Count.

9-30. The defendant hereby restates the answers set out in response to Paragraphs 9-30 of the First Count and incorporates them as the answers to Paragraphs 9-30 of the Third Count.

31. Paragraph 31 is denied.

32-35. Paragraphs 32-35 are denied.

36. The defendant has insufficient information on which to form a belief as to whether Lerner delivered the notices, but admits that Galen was placed on probation.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied in that the plaintiff inaccurately alleges that the reauthorization occurred at the inspection. The defendant admits that Galen received a reauthorization for three years.

39. Paragraph 39 is denied in that the defendant denies he acted arbitrarily or irrationally. As to any costs incurred by Galen the defendant has insufficient information o which to form a belief and therefore leaves the plaintiff to its proof.

40-45. Paragraphs 40-45 are denied.

FOURTH COUNT (Galen Institute, LLC v. Brenda Lerner- violation of 42 U.S.C. §1983 based on the denial of substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution.)

1-42. The defendant hereby restates the answers set out in response to Paragraphs 1-42 of the First Count and incorporates them as the answers to Paragraphs 1-42 of the Fourth Count.

43. Paragraph 43 is denied in so much as it alleges that the defendant Lerner placed Galen on probation. As to the remainder of the paragraph, the defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

44. Paragraph 44 is denied in so much as it alleges that the defendant Lerner placed Galen on probation. As to the remainder of the paragraph, the defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

45. The defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

46. The defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

47-51. Paragraphs 47-51 are denied.

FIFTH COUNT (Galen Institute, LLC v. Valerie Lewis- violation of 42 U.S.C. §1983 based on the denial of substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution)

1-45 The defendant hereby restates the answers set out in response to Paragraphs 1-45 of the Second Count and incorporates them as the answers to Paragraphs 1-45 of the Fifth Count.

46-49. The defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

50-54. Paragraphs 50-54 are denied.

SIXTH COUNT (Galen Institute, LLC v. Jonas Zdanys- violation of 42 U.S.C. §1983 based on the denial of substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution)

1-45. The defendant hereby restates the answers set out in response to Paragraphs 1-45 of the Third Count and incorporates them as the answers to Paragraphs 1-45 of the Sixth Count.

46. Paragraph 46 is denied in so much as it alleges that the defendant placed Galen on probation. As to the remainder of the paragraph the defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

47. Paragraph 47 is denied in so much as it alleges that the defendant placed Galen on probation. As to the remainder of the paragraph the defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

48-49. The defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof.

50-54. Paragraphs 50-54 are denied.

SEVENTH COUNT (Galen Institute, LLC v. Valerie Lewis and Brenda Lerner- tortious interference with contractual relations with COMTA)

1-42. The defendants hereby restate the answers set out in response to Paragraphs 1-42 of the First Count and incorporates them as the answers to Paragraphs 1-42 of the Seventh Count.

43-47. Paragraphs 43-47 are denied.

48-50. The defendants lack sufficient information on which to form a belief and therefore leave the plaintiff to its proof.

51. Paragraph 51 is denied.

EIGHTH COUNT (Galen Institute, LLC v. Valerie Lewis, Brenda Lerner and Jonas Zdanys- tortious interference with contractual relations and business expectancy with present and future Galen Students)

1-51. The defendants hereby restate the answers set out in response to Paragraphs 1-51 of the Seventh Count and incorporate them as the answers to Paragraphs 1-51 of the Eighth Count.

52-53. The defendants lack sufficient information on which to form a belief and therefore leave the plaintiff to its proof.

54. Paragraph 54 is admitted only to in so much as it alleges that the plaintiff had a contractual relationship with those students who were enrolled at Galen. As to the remainder of the paragraph the defendants lack sufficient information on which to form a belief and therefore leave the plaintiff to its proof.

55. Paragraph 55 is denied.

56. The defendants lack sufficient information on which to form a belief and therefore leave the plaintiff to its proof.

57-58. Paragraphs 57-58 are denied.

NINTH COUNT (Galen Institute, LLC v. Valerie Lewis, Brenda Lerner and Jonas Zdanys- common law civil conspiracy)

1-58. The defendants restate their answers to the First through Eighth Counts as their answers to Paragraphs 1-58 of the Ninth Count, noting that there are far more than 58 paragraphs included in those counts. The plaintiff's numbering of paragraphs in the Ninth Count is therefore incorrect.

59-60. Paragraphs 59-60 are denied.

TENTH COUNT (Galen Institute, LLC v. Valerie Lewis, Brenda Lerner and Jonas Zdanys- civil conspiracy pursuant to 42 U.S.C. §1985(c))

1-60. The defendants restate their answers to Paragraph 1-60 of the Ninth Count as their answers to Paragraph 1-60 of the Tenth Count.

61-62. Paragraphs 61 and 62 are denied.

ELEVENTH COUNT (James J. Lattanzio, Jr. and Sandra J. Lattanzio v. Valerie Lewis, Brenda Lerner and Jonas Zdanys- defamation of character and libel)

1-45. The defendant restates the answers to the First through Third Counts as their answers to Paragraphs 1-45 of the Eleventh Count, noting that there are far more than 45 paragraphs included in those counts. The plaintiff's numbering of the paragraphs in the Eleventh Count is therefore incorrect.

46. The defendants admit so much of paragraph 46 as is consistent with the fact that on May 18, 2001 the defendant Zdanys sent Donna Pitts, School Director of the Galen Institute, a letter that notified the school that the Department of Higher Education had received the complaints as described in paragraph 46.

47. Paragraph 47 is denied in that nothing that occurred was unlawful.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

50. Paragraph 50 is denied.

51. Paragraph 51 is denied.

52. The defendants lack sufficient information on which to form a belief and therefore leave the plaintiff to its proof.

53-54. Paragraphs 53 and 54 are denied.

TWELFTH COUNT (Galen Institute, LLC v. Valerie Lewis, Brenda Lerner, and Jonas Zdanys- trade libel)

1-54. The defendants restate their answers to Paragraph 1-54 of the Eleventh Count as their answers to Paragraphs 1-54 of the Twelfth Count

55. Paragraph 55 is denied.

56. Paragraph 56 is denied.

57. The defendants lack sufficient information on which to form a belief and therefore leave the plaintiff to its proof.

58. The defendants lack sufficient information on which to form a belief and therefore leave the plaintiff to its proof.

59. Paragraph 59 is denied.

60. The defendants lack sufficient information on which to form a belief and therefore leave the plaintiff to its proof.

61. The defendants lack sufficient information on which to form a belief and therefore leave the plaintiff to its proof.

THIRTEENTH COUNT (James Lattanzio, Jr. and Sandra J. Lattanzio v. Valerie Lewis, Brenda Lerner and Jonas Zdanys- intentional infliction of emotional distress)

1-62. The defendants restate their answers to the First through the Twelfth Counts as their answers to Paragraphs 1-62 of the Thirteenth Count, noting that there are far more than 62 paragraphs included in those counts. The plaintiffs' numbering of paragraphs in the Thirteenth Count is therefore incorrect.

63-64. Paragraphs 63 and 64 are denied.

65-66. The defendants lack sufficient information on which to form a belief and therefore leave the plaintiff to their proof.

FOURTEENTH COUNT (James J. Lattanzio, Jr. and Sandra J. Lattanzio v. Valerie Lewis, Brenda Lerner and Jonas Zdanys- negligent infliction of emotional distress)

1-62. The defendants restate their answers to the First through the Twelfth Counts as their answers to Paragraphs 1-62 of the Fourteenth Count, noting that there are far more than 62 paragraphs included in those counts. The plaintiffs' numbering of paragraphs in the Fourteenth Count is therefore incorrect.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied.

65-66. The defendants lack sufficient information on which to form a belief and therefore leave the plaintiffs to their proof.

FIFTEENTH COUNT (Galen Institute, LLC v. Brenda Lerner- common law negligence)

1-62. The defendant restates the answers to the First through the Twelfth Counts as her answers to Paragraphs 1-62 of the Fifteenth Count, noting that there are far more than 62 paragraphs included in those counts. The plaintiff's numbering of paragraphs in the Fifteenth Count is therefore incorrect.

63. The defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof moreover the allegation is improper as it only asserts a conclusion of law.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

SIXTEENTH COUNT (Galen Institute, LLC v. Brenda Lerner- common law gross negligence)

1-62. The defendant restates the answers to the First through the Twelfth Counts as her answers to Paragraphs 1-62 of the Sixteenth Count, noting that there are far more than 62 paragraphs included in those counts. The plaintiff's numbering of paragraphs in the Sixteenth Count is therefore incorrect.

63-65. Paragraphs 63-65 are denied.

SEVENTEENTH COUNT (Galen Institute, LLC v. Valerie Lewis- negligence per se)

1-62. The defendant restates the answers to the First through the Twelfth Counts as her answers to Paragraphs 1-62 of the Seventeenth Count, noting that there are far more than 62

paragraphs included in those counts. The plaintiff's numbering of paragraphs in the Seventeenth Count is therefore incorrect.

63. Paragraph 63 is denied.

64. The defendant admits that she is charged with administering the relevant statutes and regulations concerning occupational schools and further admits that Galen is a private occupational school.

65-66. Paragraphs 65 and 66 are denied.

EIGHTEENTH COUNT (Galen Institute, LLC v. Valerie Lewis- common law gross negligence)

1-62. The defendant restates the answers to the First through the Twelfth Counts as her answers to Paragraphs 1-62 of the Eighteenth Count, noting that there are far more than 62 paragraphs included in those counts. The plaintiff's numbering of paragraphs in the Eighteenth Count is therefore incorrect.

63-65. Paragraphs 63-65 are denied.

NINETEENTH COUNT (Galen Institute, LLC v. Jonas Zdanys- common law negligence)

1-62. The defendant restates the answers to the First through the Twelfth Counts as his answers to Paragraphs 1-62 of the Nineteenth Count, noting that there are far more than 62 paragraphs included in those counts. The plaintiff's numbering of paragraphs in the Nineteenth Count is therefore incorrect.

63. The defendant lacks sufficient information on which to form a belief and therefore leaves the plaintiff to its proof, moreover the allegation is improper as it only asserts a conclusion of law.

64-65. Paragraphs 64-65 are denied.

TWENTIETH COUNT (Galen Institute, LLC v. Jonas Zdanys- gross negligence)

1-62. The defendant restates the answers to the First through the Twelfth Counts as his answers to Paragraphs 1-62 of the Twentieth Count, noting that there are far more than 62 paragraphs included in those counts. The plaintiff's numbering of paragraphs in the Twentieth Count is therefore incorrect.

63-65. Paragraphs 63-65 are denied.

                                  DEFENDANTS

                                  BY: RICHARD BLUMENTHAL
                                       ATTORNEY GENERAL

                                Thomas M. Fiorentino
                                Assistant Attorney General
                                Federal Bar No. ct 09031
                                55 Elm Street
                                P. O. Box 120
                                Hartford, CT 06141-0120
                                **Telephone: (860) 808-5210**
                                **Facsimile: (860) 808-5385**
                                E-mail: Thomas.Fiorentino@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of this motion was mailed this 30th day of October 2003, first class postage prepaid, to:

James Lattanzio
c/o Galen Institute
1025 Silas Dean Highway
Wethersfield, CT  06109;

Sandra Lattanzio
c/o Galen Institute
1025 Silas Dean Highway
Wethersfield, CT  06109; and

Thomas A. Amato
Attorney at Law
357 East Center St.
Manchester, CT 06040.

_____
Thomas M. Fiorentino