From: Jim Lattanzio  To: Thomas Fiorentino  Case 3:02-cv-01637-JCH  Document 44  Filed 02/13/2004  Page 1 of 8  Page 1 of 8

RECEIVED
FEB 12 2004

FILED ORIG
2004 FEB 13 A 8:43
US DC...

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GALEN INSTITUTE, LLC,<br>JAMES J. LATTANZIO,<br>SANDRA J. LATTANZIO;<br>PLAINTIFFS<br><br>v.<br><br>VALERIE LEWIS,<br>BRENDA LERNER,<br>JONAS ZDANYS,<br>DEFENDANTS | ; )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:02-CV-1637 (JCH)<br><br><br><br><br><br>**REVISED JOINT<br>26(f) REPORT**<br><br><br><br>**FEBRUARY 10, 2004** |

Plaintiffs: Galen Institute LLC, James Lattanzio & Sandra Lattanzio.

Defendants: Valerie Lewis, Jonas Zdanys and Brenda Lerner, all individually.

Date 1st Complaint Filed: September 16, 2002

Date 1st Complaint Served: September 18, 2002 (on Defendant Jonas Zdanys), on or about July 24, 2003 on Brenda Lerner and Valerie Lewis. (The amended complaint omits the Defendant Connecticut Department of Higher Education and only names the defendants in their individual capacities. The amended complaint was served on the defendants' counsel.)

Date Complaint Amended: August 31, 2003

Date 2nd Complaint Served: September 2, 2002

Defendants have filed an answer to this amended complaint.

Date of Defendants' Appearance: October 1, 2002 (J. Zdanys), November 14, 2002 all other defendants.

Pursuant to Fed.R.Civ.P. 16(b), 26(f) and D.Conn,L.Civ.R. 38, The first fax conference took place in December 2002, in which the parties exchanged draft copies of a 26(f). The participants were:

James Lattanzio, pro se and Linsley Barbarto, AAG., for the above defendants.

1

This revised 26f report is necessary due to dates within the first 26f being passed pending a Court ruling, that has occurred. The plaintiffs, Galen Institute and Sandra Lattanzio have retained counsel, in attorney Thomas A. Amato and per Court order and the AG's office has assigned AAG Thomas M. Fiorentino to the case. AAG Lindsly Barbato has since filed a withdrawal.

Thomas A. Amato and AAG Thomas M. Fiorentino communicated in September 2003 and plaintiff James Lattanzio then drafted a revised 26f report in September 2003 that was again revised in January 2004 and submitted to all parties for approval February 06, 2004.

One issue that remains at odds with parties is that defense counsel, AAG Thomas M. Fiorentino maintains the position that discovery will not take place until this revised 26f report is approved by Court. Plaintiffs disagree.

I.   **Certification.**

The undersigned, plaintiffs and counsel, after consultation with all clients, certify that they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolutions of the case have developed the following case management plan. Counsel further certifies that they have forwarded a copy of this report to all clients.

II.  **Jurisdiction.**

Jurisdiction and venue for this case to be heard in this District Court is founded on the United States Constitution, and Amendments IV, V, VI and XIV thereto, and Title 42 U.S.C. §1983, entitled "Civil Action for Deprivation of Rights."

2

Plaintiffs further rely additionally on "Pendent Jurisdiction" for the Connecticut General Statute violations claimed in the complaint.

## III.  Brief Description of the Case.

### A. Claims of the Plaintiffs

The Plaintiffs James Lattanzio and Galen Institute, LLC, hereby brings this complaint to redress injuries that he and it have suffered as a direct result of the Defendants' violation of the Plaintiff's civil rights as defined in 42U.S.C.§1983 and as a result of the Defendants' abuses of their official powers. This complaint is brought against the Defendants in their personal individual capacity; Sandra Lattanzio, a director at Galen Institute LLC has also suffered as a result of the Defendants' abuses of their official powers. Her complaint is brought against the Defendants in their personal individual capacities.
On July 13, 2003 in a ruling by the Court the plaintiffs were allowed in part to proceed against the defendants individually and did so by amending their complaint and reserving the defendants. This was done on August 31 and July 21, 2003 respectfully. Based upon this and other new evidence the Plaintiffs have brought a twenty count amended Complaint:

### 1. COUNTS

FIRST COUNT  (Galen Institute, LLC v. Brenda Lerner – violation of 42 U.S.C. §1983 based on violations of the equal protection clause of the Fourteenth Amendment to the United States Constitution)

SECOND COUNT (Galen Institute, LLC v. Valerie Lewis – violation of 42 U.S.C. §1983 based on violations of the equal protection clause of the Fourteenth Amendment to the United States Constitution)

THIRD COUNT (Galen Institute, LLC v. Jonas Zdanys – violation of 42 U.S.C. §1983 based on violations of the equal protection clause of the Fourteenth Amendment to the United States Constitution)

FOURTH COUNT (Galen Institute, LLC v. Brenda Lerner – violation of 42 U.S.C. §1983 based on the denial of substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution)

FIFTH COUNT (Galen Institute, LLC v. Valerie Lewis – violation of 42 U.S.C. §1983 based on the denial of substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution)

SIXTH COUNT (Galen Institute, LLC v. Jonas Zdanys – violation of 42 U.S.C. §1983 based on the denial of substantive due process guaranteed by the Fourteenth Amendment to the United States Constitution)

SEVENTH COUNT (Galen Institute, LLC v. Valerie Lewis and Brenda Lerner – tortious interference with contractual relations with COMTA)

EIGHTH COUNT (Galen Institute, LLC v. Valerie Lewis, Brenda Lerner and Jonas Zdanys – tortious interference with contractual relations and business expectancy with present and future Galen students)

NINTH COUNT (Galen Institute, LLC v. Valerie Lewis, Brenda Lerner and Jonas Zdanys – common law civil conspiracy)

TENTH COUNT (Galen Institute, LLC v. Valerie Lewis, Brenda Lerner and Jonas Zdanys – civil conspiracy pursuant to 42 U.S.C. §1985(c))

ELEVENTH COUNT (James J. Lattanzio, Jr. and Sandra J. Lattanzio v. Valerie Lewis, Brenda Lerner and Jonas Zdanys – defamation of character and libel)

TWELFTH COUNT (Galen Institute, LLC v. Valerie Lewis, Brenda Lerner and Jonas Zdanys – trade libel)

THIRTEENTH COUNT (James J. Lattanzio, Jr. and Sandra J. Lattanzio v. Valerie Lewis, Brenda Lerner and Jonas Zdanys – intentional infliction of emotional distress)

FOURTEENTH COUNT (James J. Lattanzio, Jr. and Sandra J. Lattanzio v. Valerie Lewis, Brenda Lerner and Jonas Zdanys – negligent infliction of emotional distress)

FIFTEENTH COUNT (Galen Institute, LLC v. Brenda Lerner – common law negligence)

SIXTEENTH COUNT (Galen Institute, LLC v. Brenda Lerner – common law gross negligence)

SEVENTEENTH COUNT (Galen Institute, LLC v. Valerie Lewis – negligence per se)

EIGHTEENTH COUNT (Galen Institute, LLC v. Valerie Lewis – common law gross negligence)

NINETEENTH COUNT (Galen Institute, LLC v. Jonas Zdanys – common law negligence)

TWENTIETH COUNT (Galen Institute, LLC v. Jonas Zdanys – gross negligence)

### B. Defenses and Claims of Defendants

The Defendants filed a Motion to Dismiss based on lack of personal and subject matter jurisdiction, improper service of summons and complaint and failure to state a claim upon which relief can be granted, sovereign immunity and 11th Amendment immunity. Defendants further claim to have what they term as a viable defense. Said motion was ruled upon on July 13, 2003. The plaintiffs were allowed to proceed with their case in part and have filed an amended complaint.

The defendants deny all allegations against them, and will assert all available defenses including the failure of the plaintiffs' to state a claim upon which relief can be granted, sovereign immunity and 11TH amendment immunity.

### C. Defenses and Claims of third party Defendants Not applicable.

### IV. Statement of Undisputed Facts.

Defendants have agreed that the address of the DHE is correct and that they the Defendants reside in Connecticut and the District.

### V. Case Management Plan

    A.    Standing Order on Scheduling.

The parties request the following modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

    B.    Scheduling Conference with Court.

The Parties do not request a pretrial conference with the court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

    C.    Early Settlement Conference.

The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    D.    Joinder of Parties and Amendments of Pleadings.

    1.    Plaintiffs should be allowed until **MAY 31, 2004** to file motions to join additional parties and to file motions to amend the pleadings.

2. Defendants do not intend to file motions to join additional parties or to amend the pleadings.

E. Discovery.

1. The plaintiffs anticipate that discovery will be needed on the following subjects:
   a. Determination of the actual legal authority of the Defendants in regards to the specific demands placed on the Plaintiffs.
   b. Determination of the actual legal authority of the Defendants in regards to the specific complaints made by Plaintiffs.
   c. Determination if the Defendants has placed on all schools in Connecticut the exact same demands that it placed on the Plaintiffs.
   d. Determination that Defendants has cost the Plaintiff's time, cost and reputation that the Plaintiff's cannot recover from, except by monetary damages.

The defendants anticipate that discovery will be needed on the claimed damages and the details of all causes of action alleged by the plaintiffs. Both plaintiffs and defendants expect to exchange interrogatories and requests for production and to take depositions of the parties and expert witnesses.

2. All discoveries, including depositions of expert witnesses pursuant to FRCP 26(b)(4) is ongoing and will be completed on **SEPTEMBER 30, 2004**.

3. Discovery will not be conducted in phases, but shall proceed immediately.

4. Discovery on E1 (a, b, c, d) will be completed by **AUGUST 31, 2004**.

    1. The Defendants shall make their Automatic disclosures as required by 26(a) within **60** days after the date of this Court's 16(b) scheduling order; all other discovery except expert shall be completed within **6** months of the date of this Court's 16 b scheduling order or by **AUGUST 31, 2004**.
    2. The Plaintiffs shall make their Automatic disclosures as required by 26(a) within **60** days after the date of this Court's 16(b) scheduling order; all other discovery except expert shall be completed within **6** months of the date of this Court's 16 b scheduling order or by **AUGUST 31, 2004**.

5. Plaintiffs anticipate that they will require a total of **4** depositions of each fact witnesses and that the defendants will require a total of **4** depositions of each fact witnesses, which has commenced and will be completed on **AUGUST 31, 2004**.

6. The parties will not request permission to serve more than 25 interrogatories each, pursuant to FRCP 33a.

6

From: Jim Lattanzio  To: Thomas Fiorentino    Date: 2/10/104  Time: 12:32:37                                Page 7 of 8
Case 3:02-cv-01637-JCH    Document 44    Filed 02/13/2004    Page 7 of 8

7.  The plaintiffs do intend to call expert witnesses at trial. In the event they do so, Plaintiffs shall furnish Defendants' attorney with a list of all trial experts and provide reports by them pursuant to Fed.R.Civ.P. 26(a)(2) at least **90** days in advance of the deadline for completing all discoveries. Depositions of any such experts will be completed within **7** months of the date of this Court's 16(b) scheduling order or by **SEPTEMBER 30, 2004**.

8.  The Defendants do not intend to call expert witnesses at trial, unless such witnesses are necessary to rebut the opinions of the Plaintiffs' experts. In the event they do so, Defendants' shall furnish Plaintiffs with a list of all trial experts and provide reports by them pursuant to Fed.R.Civ.P. 26(a)(2) at least **90** days in advance of the deadline for completing all discoveries. Depositions of any such experts will be completed within **7** months of the date of this Court's 16(b) scheduling order or by **SEPTEMBER 30, 2004**.

9.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by **SEPTEMBER 30, 2004** and will be presumed as ongoing or accruing as to actual amounts.

   F.  Dispositive Motions.

All dispositive motions shall be filed by **OCTOBER 29, 2004**.

   G.  Joint Trial Memorandum.

The joint trial memorandum required by Standing Order on Trial Memoranda in Civil Cases shall be filed by **NOVEMBER 19, 2004**

## VI. Trial Readiness

The case will be ready for trial on **DECEMBER 13, 2004**.

As officers of the Court, the undersigned counsel agrees to cooperate with all parties and the Court to promote the just, speedy and inexpensive determination of this action.

Counsel for Defendants
By: _____  Date: 2/10/04

Counsel for Plaintiffs, GALEN INSTITUTE, SANDRA LATTANZIO
By: _____  Date: FEBRUARY 11, 2004

The undersigned pro se party certifies that they will to cooperate with all parties of record and the Court to promote the just, speedy and inexpensive determination of this action.

By: _James Lattanzio_____  Date: _02-11-04_