

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES LATTANZIO, ET AL<br>*Plaintiffs* | : <br> : | CIVIL ACTION NO. 3:02CV1637 (JCH) |
| V. | : | |
| CONNECTICUT DEPARTMENT OF<br>HIGHER EDUCATION, ETAL,<br>*Defendants* | : <br> : <br> : | FEBRUARY 13, 2004 |

### DEFENDANTS' REPORT TO COURT

In accordance with the Court's oral order dated February 11, 2004, the defendants, through undersigned counsel, report to the Court on the issue of whether they informed the plaintiffs that discovery should not proceed until a new Rule 26(f) report had been approved, and if so, the basis for the assertion.

I, the undersigned counsel, did mistakenly advise the plaintiffs that discovery could not go forward until the 26(f) report had been approved. When Mr. Lattanzio first indicated that he wanted to begin depositions we had not had a 26(f) meeting. I advised Mr. Lattanzio and Mr. Amato in a letter of September 15, 2003 that "we cannot start depositions until we have had our rule 26(f) meeting." It appeared to me that a new 26(f) report was in order because of the substantial amendment, the appearance of new counsel for two of the plaintiffs and because the old timelines in the existing 26(f) report did not seem practical. While I believe that this section of my letter was correct, I unfortunately went on in that letter to incorrectly state that until we had an approved 26(f) report we could not take depositions. The basis for this assertion was my misreading of the applicable federal rule. I mistakenly reasserted this inaccurate position in a letter

of January 23, 2004. I apologize to the court, Mr. Lattanzio and Mr. Amato for this error. As detailed below, as soon as I realized that I was mistaken I wrote to correct the error.

I respectfully ask the court to note that the January 23, 2004 letter also indicates my willingness to work with the plaintiffs on scheduling the requested deposition. In the letter I advised Mr. Lattanzio and Mr. Amato of three dates when the defendant would be available for her deposition and that if these dates were not acceptable I would work with them to find a date that would permit the deposition as soon as practicable. My embarrassment at having incorrectly construed the rule is at least somewhat lessened by the fact that I do not believe that this mistake has delayed the deposition. Mr. Lattanzio's January 20, 2004 request for the deposition suggested that the deposition take place between February 9-13. In my January 23, 2004 response to him I indicated that while the defendant was not available on those dates, she was available on February 26, 27 and March 1. In a letter dated February 11, 2004 we have advised the plaintiffs that the defendant is still available for her deposition on two of those dates. (Copy attached.) Mr. Amato has since responded that he is not available on those dates, but the parties will work together to ensure that the deposition goes forward as soon as possible.

I also respectfully advise the court that when I realized that I was in error about the applicable rules (during the course of reviewing Mr. Lattanzio's February 6, 2004 fax of a draft 26(f) report) I immediately wrote to the plaintiffs and advised that "[n]ow that we had had a meeting in accordance with 26(f) and have worked out an acceptable report, please feel free to commence your discovery." (Copy attached.) I followed up with another letter on February 10, 2004 that

2

stated that "I am not waiting for the approval of the 26(f) report to commence discovery." (Copy attached.) I believe that these letters did correct my mistake.

I have enclosed for the court's perusal the relevant correspondence (arranged chronologically) on this matter. I believe that it reflects my attempts to expedite this litigation, as well as revealing my error and my attempts to correct that error. I once again submit my apology to the court, Mr. Lattanzio and Attorney Amato for the inconvenience that my misinterpretation has caused.

DEFENDANTS

BY: RICHARD BLUMENTHAL
ATTORNEY GENERAL

Thomas M. Fiorentino
Assistant Attorney General
Federal Bar No. ct
55 Elm Street
P. O. Box 120
Hartford, CT 06141-0120
(860) 808-5210
(860) 808-5385
E-mail: Thomas.Fiorentino@po.state.ct.us

3

## CERTIFICATION

I hereby certify that a copy of this report was mailed this 13th of February, 2004, first class postage prepaid, to:

James Lattanzio
c/o Galen Institute
1025 Silas Dean Highway
Wethersfield, CT 06109;

Thomas A. Amato
Attorney at Law
357 East Center St.
Manchester, CT 06040.

United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

_____
Thomas M. Fiorentino

RICHARD BLUMENTHAL
ATTORNEY GENERAL



55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

Tel. (860) 808-5210
Fax. (860) 808-5385

**VIA FACSIMILE TRANSMISSION AND U.S. MAIL**

February 11, 2004

Thomas A. Amato, Esq.
357 East Center Street
Manchester, CT  06040

James Lattanzio
Galen Institute, LLC
1025 Silas Deane Highway
Wethersfield, CT  06109

RE: Lattanzio v. Higher Education et al, No. 3:02cv1637(JCH)

Dear Messrs. Amato and Lattanzio:

    In Mr. Fiorentino's letter of January 23, 2004, he indicated that at that time Commissioner Lewis had February 26, 27, and March 1, 2004 available for her deposition. February 26 and March 1 remain available. Please let us know as soon as possible which date you prefer.

    Thank you.

Very truly yours,

Ralph E. Urban
Assistant Attorney General

RICHARD BLUMENTHAL
ATTORNEY GENERAL



55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

February 10, 2004

James Lattanzio
c/o Galen Institute
1025 Silas Deane Highway
Wethersfield, CT 06109

Re: Galen Institute v. Lewis, et al

Dear Mr. Lattanzio:

    As promised, I am enclosing herewith the 26(f) report with my signature. The 26(f) report does contain one inaccuracy on the top of page 2, but I do not think it is worth holding things up anymore than they already have been. As I stated to you in my last letter, I am not waiting for the approval of the 26(f) report to commence discovery. I believe I stated in that letter that, now that we have had a meeting in accordance with the rules, "please feel free to commence your discovery." Thank you for your cooperation.

                              Very truly yours,

                                /s/ TMF

                              Thomas M. Fiorentino
                              Assistant Attorney General



RICHARD BLUMENTHAL
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

February 6, 2004

**BY FAX AND US MAIL**
James Lattanzio
c/o Galen Institute
1025 Silas Deane Highway
Wethersfield, CT 06109

Re: Galen Institute v. Lewis, et al

Dear Mr. Lattanzio:

    I am writing to respond to your fax communication of February 6, 2004. Your statement that I did not get anything back to you concerning amendments to your 26(f) report is demonstrably wrong. Enclosed herewith please find a copy of the fax confirmation sheet for my January 26, 2004 letter to you wherein I provided you with the promised correction. The fax was also sent via regular mail. I am also enclosing a copy of the letter.

    This is not the first time in this case that you have inaccurately described my conduct in this case. If you are having problems receiving faxes and other correspondence at your place of business, perhaps you should arrange for an alternate place to receive communications. I appreciate your right to litigate this matter but I will whatever steps are permitted by the court to stop misrepresentations about my conduct.

    As for the 26(f) report, it is fine. Please send me a copy to sign as soon as possible and I will get it back to you immediately. If you would like, just fax me a copy and I will sign that and get it back to you the same day.

    My only concern in all of this is that we complied with 26(f). Specifically I wanted to have a 26(f) report that accurately reflected the agreement of the parties on the very different lawsuit created by the amended complaint, and that we had deadlines that made sense. While you are correct that you circulated a 26(f) draft in September, I do not believe that we had met in accordance with 26(f) given that my suggested changes (provided in a letter to you dated September 25, 2003) never elicited any response from you, and nothing was ever filed with the court. Indeed the entire issue was ignored until I once again brought up the matter of the missing 26(f) report in my letter of December 31, 2003.

    Now that we have met in accordance with 26(f) and have worked out an acceptable report, please feel free to commence your discovery. I think it is fair to say that we have already begun the discovery process in that we are attempting to schedule Commissioner Lewis'

James Lattanzio
February 6, 2004
Page 2

deposition. As you know I have already given you possible dates for the commissioner's deposition. You have yet to advise me as to whether any of those dates is acceptable but I am certain that we will be able to agree upon a date.

As for the demand in the last paragraph of your fax, Galen's current regulatory problems have nothing to do with this case. Your filing of this federal court suit cannot immunize you from the normal regulatory functions of the State Department of Education. Any advice I might give the Commissioner of Higher Education on that matter are privileged and I therefore am not prepared to discuss this matter with you at this time.

Very truly yours,

Thomas M. Fiorentino
Assistant Attorney General

Ralph Urban, AAG
Valerie Lewis, Commissioner of Higher Education
Thomas Amato

*From the desk of*
## Jim Lattanzio

**VIA FAX:**                    **DATE: February 06, 2004**

**Pages: 10**

**TO:**  Thomas M. Fiorentino            Fax to: 860.808.5385
        Assistant Attorney General
        55 Elm Streeet
        Hartford, CT 06141

**RE: GALEN v. Lewis, AT EL.    26(f) report:**

Dear Mr. Fiorentino,

    First, in your January 23 communication you indicated some minor changes were needed on my draft 26f, in the form of the "December 2002" date of the conference, "did not include AAG Bardato, but did include yourself and Mr. Amato.

    The first 26f conference between AAG Barbato and myself did in fact take place in December 2002 and I have further indicated it in the first boxed area of the new draft enclosed.

    Second, you also stated the dates were reasonable and you would get something back to us by early next week. I have not yet received any communication per this statement you made here.

    I have enclosed the new draft and have boxed in any changes. Please review and indicate any revisions on the report and then fax it back to me so that it may be finalized.

    In addition, in my January 20 fax to you, I also brought it to your attention of the commissioner's intention to pursue the revocation of Galen Institutes authorization due to the schools financial condition in 2002. I have since sent a reply (enclosed) communication to her directly regarding my position. I will need to know promptly what her and your intentions are regarding the pursuit of closing down Galen Institute.

Respectfully,

*Jim Lattanzio*
Jim Lattanzio

FEB - 6 2004

CC: T. AMATO

Galen Institute LLC,    1025 Silas Deane Hwy,    Wethersfield CT, 06109
Phone: 860.721.1904                              Fax: 860.257.4514



RICHARD BLUMENTHAL
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
State of Connecticut

February 4, 2004

James Lattanzio
c/o Galen Institute
1025 Silas Deane Highway
Wethersfield, CT 06109

Thomas Amato
357 East Center Street
Manchester, CT 06040

Re: Galen Institute v. Lewis, et al

Gentlemen:

    It has been nine days since I faxed you my minor corrections to the proposed 26(f) report. I would very much like to get this case underway and cannot because you, as plaintiffs, have not taken the required to steps to finalize and then file the report. I plan to contact the court and request a conference for the purpose of securing an approved 26(f) report.

Very truly yours,

Thomas M. Fiorentino
Assistant Attorney General



**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

January 26, 2004

**BY FAX AND US MAIL**
James Lattanzio
c/o Galen Institute
1025 Silas Deane Highway
Wethersfield, CT  06109

Re:  Galen Institute v. Lewis, et al

Gentlemen:

    I have only one minor correction for the 26(f)report:

    p.1. "Pursuant to Fed. R. Civ.P. 16(b), 26(f) and D. Conn. L.Civ.R. 38, a fax conference took place in January 2004 in which the parties exchanged draft copies of a proposed 26(f) report. The participants were James Lattanzio, pro se, Attorney Thomas Amato, for plaintiffs Sandra Lattanzio and Galen Institute, LLC, and Assistant Attorney General Thomas M. Fiorentino for the defendants. Counsel for the defendants desires a court conference, plaintiffs object as only deadline dates need to be established."

    If you would incorporate this correction and send me a copy of a final version to sign, I will sign it and forward it to Mr. Amato for his signature. Obviously if the document has already been signed by both you and Mr. Amato when I receive it, I will return it directly to you so that you can file it with the court.

Very truly yours,

Thomas M. Fiorentino
Assistant Attorney General

C:  Thomas A. Amato



**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

January 23, 2004

**BY FAX AND US MAIL**
James Lattanzio
c/o Galen Institute
1025 Silas Deane Highway
Wethersfield, CT  06109

Re:  Galen Institute v. Lewis, et al

Gentlemen:

    First, I would like to thank Mr. Lattanzio for forwarding the draft of the 26(f) report. A quick look indicates some minor changes are needed. For example the conference did not take place in December 2002 and the participants did not include AAG Barbato, but did include Attorney Amato and myself. The dates you have included for the various deadlines appear to be reasonable. I will get something back to you by early next week.

    As soon as I received your request for dates to depose Commissioner Lewis I contacted her to check her availability. While she is unfortunately not available during the period you requested, she is available on February 26, 27 and March 1 (provided of course that the court approves our 26(f) report, which I am certain it will.) Please let me know if this works for you. If not, I will work with you to obtain additional dates that will permit you take her deposition as soon as is practicable. As always, I appreciate your cooperation and consideration.

Very truly yours,

Thomas M. Fiorentino
Assistant Attorney General

*From the desk of*
# Jim Lattanzio

**VIA FAX:**          **DATE: January 20, 2004**

**Pages: 9**

**TO:** Thomas M. Fiorentino          Fax to: 860.808.5385
Assistant Attorney General
55 Elm Streeet
Hartford, CT 06141

**RE: GALEN v. Lewis, AT EL     26(f) report and Deposition of V. Lewis:**

Dear Mr. Fiorentino,

    My apologies for the delay.

    Find enclosed our 26f report. If you wish to suggested other dates or information, I will promptly revise the report by noting your additions as objections to our dates or information. We can then file the report as is.

    In addition, we will again begin scheduling depositions, so please provide us with the dates, between, February 9 through 13 that you and V. Lewis can make yourselves available for her deposition. If necessary we can promptly serve notice and subpoena. Since we did begin this process in September of 2003, the commissioner has had ample time to plan on this.

    Furthermore, as you are probably aware, the commissioner has given notice to Galen Institute (December 16, 2003, enclosed) that because of the $241,000 financial instability that occurred during 2002, Galen's authorization as a school may be revoked. I will be forwarding this information to you as revised ongoing damages discovery. Unless this matter can be addressed and resolved between us promptly, I will be forced to ask the Courts to address it. Perhaps it's time for the commissioner to formally recuse herself from making decisions regarding Galen Institute?

Respectfully,

*Jim Lattanzio*
Jim Lattanzio

CC: T. AMATO

Galen Institute LLC,          1025 Silas Deane Hwy,          Wethersfield CT,  06109
Phone: 860.721.1904                                           Fax: 860.257.4514



**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
### State of Connecticut

January 14, 2003

The Honorable Janet C. Hall
United States District Judge
U.S. District Court
915 Lafayette Blvd.
Bridgeport, CT  06604

RE:  *Galen Institute, et al v. Lewis, et al*, Docket No. 3:02CV1637(JCH)

Dear Judge Hall:

     I represent all of the defendants in the above-referenced matter. I am writing to request the court's assistance in ensuring that a revised 26(f) report is filed with the court. The revision is necessitated by the plaintiffs' filing of a substantially amended complaint on August 29, 2003. While the plaintiffs did circulate a proposed draft of the 26(f) during September, 2003, no final version of the document was ever presented to the defendants nor has any report been submitted to the court. I have enclosed my most recent letter to the plaintiffs concerning the report. Thank you for any assistance the court might provide.

Very truly yours,

Thomas M. Fiorentino
Assistant Attorney General

c:  Thomas A. Amato, Esq.
    357 East Center Street
    Manchester, CT  06040

    James Lattanzio
    c/o Galen Institute
    1025 Silas Deane Highway
    Wethersfield, CT  06109



**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
# State of Connecticut
December 31, 2003

James Lattanzio
c/o Galen Institute
1025 Silas Deane Highway
Wethersfield, CT  06109

Thomas A. Amato, Esq.
357 East Center Street
Manchester, CT  06040

Re:  Galen Institute v. Lewis, et al

Gentlemen:

      Some time ago I sent to you my changes concerning the 26(f) report.  I have not seen any revision of the report since that time, and obviously the report has not yet been filed with the court.  Given the amount of time that has gone by, I suspect that any timelines contained in the report are no longer appropriate.  Would you please contact me so that we can get a 26(f) report to the court?  Thank you for your continued cooperation

                                            Very truly yours,

                                            Thomas M. Fiorentino
                                            Assistant Attorney General

*From the desk of*
*Jim Lattanzio*

**VIA FAX:**  **DATE: September 29, 2003**

Pages: 1

TO:  Thomas M. Fiorentino          Fax to: 860.808.5385
     Assistant Attorney General
     55 Elm Streeet
     Hartford, CT 06141

RE: GALEN v. Lewis, AT EL     26(f) report, Discovery and Depositions:

Dear Mr. Fiorentino,

I have received your revisions to the 26f report. I will incorporate them into a joint report and forward said to your office for signing and submission to the Court.

The answers and production to Ms. Barbato's request was submitted to the AGs office some time ago. I am in the process of recopying said documents and will promptly forward a copy within several days to you.

As I consider our progress with 26f moving forward, we need to reschedule the deposition of commissioner Lewis and set a date for defendant Lerner.

Respectfully,

Jim Lattanzio

SEP 29 2003

Galen Institute LLC,     1025 Silas Deane Hwy,     Wethersfield CT, 06109
Phone: 860.721.1904                                 Fax: 860.257.4514



**RICHARD BLUMENTHAL**
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
# State of Connecticut

September 25, 2003

BY FAX AND US MAIL
James Lattanzio
c/o Galen Institute
1025 Silas Deane Highway
Wethersfield, CT 06109

Thomas A. Amato, Esq.
357 East Center Street
Manchester, CT 06040

Re: Galen Institute v. Lewis, et al

Gentlemen:

    Enclosed please find a draft of the 26(f) report. I have suggested several changes. I have tried to indicate those changes by the use of italics but obviously you should compare my draft with your proposal to make sure that you aware of all the suggested amendments.

    Please be advised that after speaking with Mr. Lattanzio on the status of his response to the State's discovery, we double-checked the file. I can now confirm for you that we have received no production of any kind in response to our discovery. I am sure you can appreciate that before being subjected to additional discovery by you, my clients would very much like your response to their longstanding requests.

    I look forward to your response.

Very truly yours,

Thomas M. Fiorentino
Assistant Attorney General

C: Valerie Lewis
   Jonas Zdanys
   Brenda Lerner

*From the desk of*

*Jim Lattanzio*

**VIA FAX:**                    **DATE: September 16, 2003**

Pages: 1

TO:  Thomas M. Fiorentino              Fax to: 860.808.5385
     Assistant Attorney General
     55 Elm Streeet
     Hartford, CT 06141

RE: GALEN v. Lewis, AT EL       Your 9.15 Fax and 26(f) report:

Dear Mr. Fiorentino,

    At a Status Conference in May, before Judge Hall, the dates approved in the first 26f report were discussed. At that time Judge Hall was aware that her ruling on your "motion to dismiss" could place us past some of those dates. She also said, she would <u>approve</u> any date changes necessary if the case were to proceed. I also believe that that time she said that - <u>discovery should continue</u>. This is something Ms. Barbato should have conveyed to you.

    As I considered the above an <u>order</u> from Judge Hall, which 26(d) specifically states "or by order," discovery should move forward.

    In addition, as 26(f) has already occurred, any supposition that because you have now been assigned this case in replacement of Ms. Barbato or some anticipated due dates have come and gone somehow "resets" our requirement to conduct another 26(f) and that all should come to a stop would just serve to operate to delay our discovery. A revision of form information and some dates on our 26(f) report should not impact ongoing discovery and I do not believe that is the intent of 26(d) or the wishes of the Court.

    As several attempts to contact you weeks ago went unanswered, deposition notice was sent out. Consideration is a two way street Mr. Fiorentino. If you can provide me with some dates today, that you will be available in September for the deposition we will reschedule. If you feel you are correct regarding 26(d) then you can file a motion to protect.

    In addition, today, I will fax a "revised" 26(f) report for your review. Again as our calls went unanswered, we will submit this report as plaintiffs report if it is going to be used as a point to delay this case from moving forward.

Respectfully,

Jim Lattanzio

16

Galen Institute LLC,        1025 Silas Deane Hwy,        Wethersfield CT,  06109
   Phone: 860.721.1904                                      Fax: 860.257.4514



RICHARD BLUMENTHAL
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Office of The Attorney General
## State of Connecticut

September 15, 2003

BY FAX AND US MAIL
James Lattanzio
c/o Galen Institute
1025 Silas Deane Highway
Wethersfield, CT 06109

Thomas A. Amato, Esq.
357 East Center Street
Manchester, CT 06040

Re: Galen Institute v. Lewis, et al

Gentlemen:

    As you know I have taken over the above-referenced case from Assistant Attorney General Barbato. Today I received a notice of depositon from Mr. Lattanzio. For a couple of reasons, I respectfully ask that we work together to reschedule this.

    The first reason is that I have conflict on that day. The second is that as I read the federal rules we cannot start depositions until we have had our rule 26(f) meeting. (Please see FRCP 26 26(d)). To the degree that the old 26(f) report is used (and I don't think that is practical) all discovery was supposed to be over and done with by July 31, 2003.

    After having spoken to Mr. Amato, I understand that there is a draft 26(f) report. I would be happy to take a look at it and give you my reaction. Until we have an approved 26(f) report however, I do not believe that any party has the authority to take any deposition (although I fully appreciate Mr. Lattanzio's wanting to gather as much information as he can to prove his case.)

    Kindly advise as to whether you agree with my assessment and whether we can agree to postpone Ms. Lewis's deposition until such time as it can be conducted in accordance with the federal rules. I look forward to hearing from you. Please give me a call at 808-5210.

Very truly yours,

Thomas M. Fiorentino
Assistant Attorney General