UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| GALEN INSTITUTE, LLC; | ) | CASE NO. 3:02-CV-1637(JCH) |
| JAMES J. LATTANZIO, JR; | ) | |
| SANDRA J. LATTANZIO; | ) | PLAINTIFF LATTANZIO'S |
| PLAINTIFFS | ) | MOTION TO COMPEL |
| v. | ) | DEFENDANT BRENDA LERNER'S |
| | ) | TO ANSWER INTERROGATORIES, |
| | ) | PRODUCE PRODUCTION AND |
| VALERIE LEWIS; | ) | FOR COSTS |
| BRENDA LERNER; | ) | |
| JONAS ZDANYS | ) | AUGUST 30, 2004 |

Pursuant to Federal Rule 37 et seq, this plaintiff respectfully moves this Court for an order "COMPELLING" defendant Brenda Lerner to fully answer interrogatories and to fully produce requested production. In addition and pursuant to Federal Rule 37(a)(4), this plaintiff asks for reasonable expenses incurred in making this motion. As grounds thereof this plaintiff represents the following:

1. On July 14, 2004 and pursuant to FRCivP 33 & 34 counsel for defendant Lerner was served in hand with plaintiff's first set of interrogatories and request for production, to which counsel for Plaintiff Galen Institute, Thomas Amato was also present, (see Exhibit A, copy of plaintiffs request for interrogatories and for production);

2. At said time of hand service, plaintiff extended to defense counsel that if counsel had any problems with content of request (ie. object, vague, ambig...) that she should promptly contact this plaintiff and plaintiff would be amicable to work out issues so that this Courts time would not have to be taxed, to which counsel for defendants appeared to agree to;

3. At all times during this case, counsel for defendants were clearly aware of the Courts position on cooperation regarding discovery matters and that these matters needed to be moved along with no intentional delays, to which counsel agreed;

4. On August 16, 2004, said answers to discovery request was due;

5. On August 16, 2004, NO communication from or request for any extension was received by this plaintiff from counsel for defendants;

6. On August 26 at 11:00am, this plaintiff sent defense counsel an email, to the email address that she had received email in the past, requesting prompt communication

and explanation regarding said plaintffs unanswered discovery request, (see Exhibit B, email sent to defense counsel);

7. As of today date, August 30, 2004 at 4:00pm, plaintiff has had no reply or communication from defense counse .

**Wherefore**, the defendant has failed to answer pursuant to FRCivP 33(b)(3) and FRCivP 34(b) within the 30 day time limit to answer and no requests to extend were made, and plaintiff has made an effort to contact defense counsel all of which to no avail, plaintiff now asks this Court for an order pursuant to FRCivP 37(a), "compelling" said defendant to fully answer interrogatories and to fully produce requested production. **In addition**, pursuant to FRCivP, 37(4)(A) this plaintiff asks for reasonable expenses incurred in making this motion in the amount of $200 and for whatever other sanctions that this Court can place upon defendants to motivate them to cooperate in discovery and the moving of this matter along, as this act is just intentional delay.

By, Plaintiff:
JAMES LATTANZIO pro se

*/s/ James Lattanzio*

## CERTIFICATION OF SERVICE

This is to certify that on August 30, 2004 via U.S. first class postage paid the above motion was served upon to the following parties:

TO: Counsel for all defendants, Lewis, Lerner and Zdanys
M. J. Macarthy
Assistant Attorneys General
Office of the Attorney General
55 Elm Street
Hartford, CT 06141

TO: Counsel for plaintiff Galen Institute and Sandra Lattanzio
Thomas A. Amato
357 East Center Street
Manchester, CT 06040

Plaintiff,
JAMES LATTANZIO pro se

*/s/ James Lattanzio*

2

## CERTIFICATION TO THIS COURT

This is to certify that on this date: AUGUST 30, 2004, pursuant to FRCivP, 37(a)(4), that on August 26, 2004 via email communication to defense counsel (copy enclosed within motion) plaintiff has made a good faith effort to obtain the requested discovery without Court action and that defense counsel as of the serving date of this motion, August 30, 2004 has not responded.

That the above statement by plaintiff is true and accurate.

BY:

James Lattanzio, pro se, plaintiff

*James Lattanzio* (signature)   Date: *August 30, 2004*

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GALEN INSTITUTE, LLC; ) | CASE NO. 3:02-CV-1637 (JCH) |
| JAMES J. LATTANZIO, JR; ) | |
| SANDRA J. LATTANZIO; ) | |
| PLAINTIFFS ) | |
| ) | PLAINTIFF LATTANZIO'S FIRST |
| v. ) | SET OF INTERROGATORIES, |
| ) | REQUEST FOR PRODUCTION |
| ) | AND ADMISSIONS FOR |
| VALERIE LEWIS; ) | DEFENDANT BRENDA LERNER |
| BRENDA LERNER; ) | |
| JONAS ZDANYS ) | JULY 14, 2004 |

COPY

Pursuant to Federal Rule 26, the plaintiff James Lattanzio propounds the following interrogatories, requests for production and admissions upon the above plaintiff Brenda Lerner, to be answered under oath, and returned within 30 days of service. This plaintiff is requiring that these interrogatories be <u>SPECIFICALLY</u> answered, <u>not</u> in general terms but specifically. Any vague responses to avoid a specific and truthful answer will be brought to the Courts attention.

DEFINITIONS AND INSTRUCTIONS

When answering interrogatories, admissions and the production of documents:

"Defendant" means Brenda Lerner, individually and formally of the Connecticut Department of Higher Education.

"Communication" means every manner of transmitting or receiving information including all inquires, discussions, meetings, telephone conversations, letters, electronic mail messages, notes, Internet postings, telegrams, advertisements, web pages or other forms of interaction whether oral, written or electronic.

"Document", means any materials within the scope of Rule 34(a) of the Federal Rules of Civil Procedure.  Document" includes material formatted or stored electronically, including without limitation e-mail and voice mail messages.  "Document" includes any drafts and non-identical copies.

"Identify" or "Identification" when used in reference to:

a natural person: that you should provide (a) his/her full name; (b) current or last known home address; (c) current or last known employer and position; (d) current or last known business address; and the most recent date of each, if the information is not current.

a company, corporation, association, partnership, or any other entity not a natural person: means that you should provide the entity's present or last known full name, principal place of business state of incorporation, business address and telephone number/s.

a document: means that you should provide its character (e.g., letter memorandum, report, etc.) title, date, author/s, addressee/s, distributee/s, present location, and is custodian's identification; or, if such document is no longer in existence or in the possession of or subject to the control of the defendant, the disposition made of it and the circumstance and date of such disposition.

an oral statement or communication: means that you should provide its date and place where it occurred, its substance, the identification of each person to whom such statement or communication was made, each person by whom such statement or communication was made, and each person who was present when such statement or communication was made.

a proceeding: means that you should describe the nature of each such legal and/or general non-legal proceeding the date on which each proceeding was instituted, the names and addresses of the parties n each proceeding, identify each mark or alleged mark involved in each proceeding, and describe the outcome of each proceeding.

"Plaintiff's" means Jim Lattanzio, Sandra Lattanzio, and Galen Institute.

"Person" means any natural person, governmental body, governmental agency, corporation, partnership, proprietorship, organization, association, firm and/or other entity.

If any interrogatory or document request calls for the identification of any document or communication deems to be privileged, identify each document or communication so withheld and provide the following information" the basis for withholding the document or communication; a brief description of the type of document or communication including the date; the number of pages, attachments; name of author or originator; and the name of all recipients.

If any document requested or identified has been lost, destroyed, discarded or is not available for production by defendant, identify and describe the document as completely as possible, including the date and manner of disposal, reason for disposal, the person authorizing the disposal and the person actually disposing of the document.

2

If any knowledge, information and/or document requested is in existence, and/or not in the possession, custody or control of defendant, please identify the person/s or entity/ies in whose possession, custody or control it presently resides.

BY WAY OF INTERROGATORIES

1. On March 25th 2002, when the Commission on Massage Therapy Accreditation visit was occurring at Galen Institute, explain in detail, how did you come to attend such visit.

    (ample space was provided to answer)

2. Specifically with a Yes or No: On March 25th 2002, around 9:00 A.M. when you traveled to and entered the premises of Galen Institute, 1025 Silas Deane Hwy., Wethersfield, CT, did you do so under the authority of the Commissioner of the Department of Higher Education as a "designee" thereof.

3. If the answer to interrogatory #2 above is no, specifically state under what legal authority and statute and for what legal purpose did you enter Galen Institute on March 25$^{th.}$

4. Specifically state Yes or No: On March 25th 2002, shortly after arriving at Galen Institute did you give an order to Galen Staff that ALL the "student file records" be brought into the room that the Commission on Massage Therapy Accreditation onsite evaluators occupied.

5. If the answer to interrogatory # 4 is Yes, specifically state under what legal authority and statute did you have to give such order.

6. Specifically state Yes or No: After the "student file records" were brought into the Commission on Massage Therapy Accreditation onsite room was, the Galen staff was then excluded from the room loosing all control of the records.

7. Specifically state Yes or No: By you ordering the student record files into the onsite evaluation room, and Galen staff complying with your order, the Commission on

3

Massage Therapy Accreditation evaluators gained unfettered access to all of said "student record files" and the contents within said records.

8. Specifically state, by full name, title, and employed by whom, who accompanied you, when you traveled to Galen Institute on March 25, 2002.

9. Specifically state Yes or No: Throughout any part of the day on March 25, 2002, did you <u>actively</u> participate in or with <u>any</u> part of the accreditation onsite visit at Galen Institute.

10. Specifically state Yes or No: Is it the "policy" of the Department of Higher Education to "observe" accreditation visits of nationally recognized accrediting agencies.

11. If the answer given to interrogatory #10 above is <u>No</u>, specifically state the exact policy, for that time period, March 25, 2002, of the Department of Higher Education policy regarding accrediting onsite visits and the attending of such by staff persons such as yourself.

12. If the answers given to interrogatories #9 and #10 above is <u>Yes</u>, then explain, by what legal (statute) or under whose authority, gave you the right to actively participate in the accreditation visit of Galen Institute.

13. Specifically state Yes or No: Would it be a violation of <u>any</u> of the state laws and/or regulations governing occupational schools, for any occupational school to <u>advertise</u>, <u>solicit</u> and <u>enroll</u> students at a branch campus school, where that branch campus school was <u>not first approved and authorized</u> by the Department of Higher Education.

14. Specifically state Yes or No: Is it a state regulation that "any complaint filed with the Commissioner of the Department of Higher Education, must be in writing".

4

15. Specifically state Yes or No: Are all CT occupational schools required by statutes or regulations or the Department of Higher Education to have a "numerical" grading system.

16. Specifically state Yes or No: It was by your directly oversight that Galen Institute was issued an evaluation report that stated in part, "You must adopt a numerical grading system."

17. Specifically state Yes or No: Are all CT occupational schools required by statutes or regulations or the Department of Higher Education to have a "numerical" grading on the final grade transcript that the school issues.

18. Specifically state Yes or No: It was by your directly oversight that Galen Institute was issued an evaluation report that stated in part, (pertaining to Galen Institute's grade transcript indicating a pass/fail); "This is not allowed."

19. Specifically state Yes or No: Were you one of the staff persons or senior associate at the Department of Higher Education who was responsible for overseeing Connecticut Center for Massage Therapy as it pertains to their operation under Connecticut statutes and regulations for occupational schools.

20. Specifically state Yes or No: Is a pass/fail grading system basically equally to or the same, as a satisfactory/un-satisfactory grading system assuming a test or final score of 70 or above is pass or sat and a test or final score of 69 or below is failing or un-sat.

21. Specifically answer with a Yes or No: If the goal of any school or program is to prepare a student to take a State of Connecticut, approved, specific competency test in order to become licensed, and 98% of the schools graduates take and pass that test, (Yes or No), is the school reasonably and adequately meeting its goal."

5

22. Specifically state Yes or No: Did you provide or write for the Commission on Massage Therapy Accreditation, a letter of "recommendation," "review," "approval" and/or "reference" regarding their or site visit to Galen Institute at which you were present at on March 25th, 2002.

23. Specifically state Yes or No: Did you ever officially instruct or order Galen institute to make "content" changes to its school "catalog."

24. Specifically state Yes or No: Did you ever officially instruct or order Galen institute to make "content" changes to its school "enrollment agreement."

25. Specifically answer Yes or No: When any school has to change the specific contents or wording of its "catalog" or "enrollment agreement" documents, and have them reprinted, (Yes or No) there would be some "cost" to the school to have this done.

26. Specifically answer Yes or No: When any school has to change the specific why in which it operates, such as adopting or implement a new grading system, (Yes or No) there would be some "cost" to the school to do this.

## STATEMENT UNDER OATH

I _____, state that the above questions are being answered under oath and are true and accurate and is being returned within 30 days of the served date.

Signed BY: _____

Print Name: _____   Title: _____

The above named person has subscribed to and sworn before me the above oath, this _____ day of _____, 2004.

BY: _____
    Signed

My commission or notary expires: _____

6

REQUEST FOR PRODUCTION:

1. Provide a copy of the letter and any and all related documents (ie) any requests from Commission on Massage Therapy Accreditation for such letter, any cover letter documents or emails etc. pertaining to interrogatory # 21.

2. List and provide <u>any</u> income statements to you from the Commission on Massage Therapy Accreditation that you ever received.

3. List and provide <u>any</u> income statements to you from the Connecticut Center for Massage Therapy that you ever received.

4. Provide a copy of your State and Federal income tax forms with all sources of any income to you, ie. W-2(s) and 1099(s) for the years 2000, 2001, 2002.

## CERTIFICATION OF SERVICE

This is to certify that on July 14, 2004 via HAND DELIEVERED the above interrogatories, request for production and request for admissions to the following parties:

TO: Counsel for all defendants, Lewis, Lerner and Zdanys

M. J. Macarthy
Assistant Attorneys General
Office of the Attorney General
55 Elm Street
Hartford, CT 06141

TO: Counsel for plaintiff Galen Institute and Sandra Lattanzio

Thomas A. Amato
357 East Center Street
Manchester, CT 06040

Plaintiff,
JAMES LATTANZIO pro se

7

**EMAIL SENT TO DEFENSE COUNSEL ON AUGUST 26, 2004**

To:
MJ.McCarthy@po.state.ct.us

Dear Ms. McCarthy,

It is now August 26 and I have not received any of the Lerner discovery responses that was served on you July 14 and due on August 15.

If you did have it served on me, I did not receive it so could you resend it, I will cover the cost of re-copy and postage.

If you have not completed the discovery request, why not.

As you know, some of my discovery and timelines were predicated on promptly receiving that discovery within the 30 days, which has now well past.

I don't feel you are due any extensions seeing that this case has already dragged on longer then it should have.

I was extremely reasonable and fair, in keeping my written request(s) "short" and "to the point," and believe Lerner could have answered them very quickly.

In addition, I have a problem with your canceling the Lerner deposition with such short notice (3 days).

Both my wife and I were very accommodating to you when to came to our depositions, with just a weeks notice we attended. The Lerner deposition was on for a month and you had plenty of time to plan.

My questions now are:

1. Did you serve said discovery responses (interrogatories, admissions & request to produce) on me on August 16? (I have not received)
2. If no, then why not?
3. Can you provide me with said discovery responses by Friday, August 27?
4. When will Lerner avail herself for her deposition?
5. Do we need an order from the Court to accomplish the above?

Please reply promptly, because I now have to readjust my 26f deadlines and my have to move the Court as such.

Thank You,
Jim Lattanzio