UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 AUG 31 P 1:00

U.S. DISTRICT COURT

| | |
|---|---|
| GALEN INSTITUTE, LLC;<br>JAMES J. LATTANZIO, JR;<br>SANDRA J. LATTANZIO;<br>PLAINTIFFS<br>v.<br><br>VALERIE LEWIS;<br>BRENDA LERNER;<br>JONAS ZDANYS | CASE NO. 3:02-CV-1637 (JCH)<br><br>PLAINTIFF LATTANZIO'S<br>MOTION FOR COURT ORDER<br>**ADMITTING** AS "**ADMITTED**"<br>DEFENDANT BRENDA LERNER'S<br>**UNANSWERED ADMISSIONS** AND<br>FOR COSTS<br><br>AUGUST 30, 2004 |

Pursuant to Federal Rule 36(a), this plaintiff respectfully moves this Court for an order "ADMITTING" this defendant's unanswered "admissions" as admitted. In addition and pursuant to Federal Rule 37(a)(4), this plaintiff asks for reasonable expenses incurred in making this motion. As grounds thereof this plaintiff represents the following:

1. On July 14, 2004 pursuant to FRCivP 36 counsel for defendant Lerner was served in hand with plaintiff's first set of request for admissions, to which counsel for Plaintiff Galen Institute, Thomas Amato was also present, (see Exhibit A, copy of plaintiffs request for admissions);

2. At said time of hand service, plaintiff extended to defense counsel that if counsel had any problems with content of request (ie. object, vague, ambig...) that she should promptly contact this plaintiff and plaintiff would be amicable to work out issues so that this Courts time would not have to be taxed, to which counsel for defendants appeared to agree to;

3. At all times during this case, counsel for defendants were clearly aware of the Courts position on cooperation regarding discovery matters and that these matters needed to be moved along with no intentional delays, to which counsel agreed;

4. On August 16, 2004, said admission request was due;

5. On August 16, 2004, NO communication from or request for any extension was received by this plaintiff from counsel for defendants;

6. On August 26 at 11:00am, this plaintiff sent defense counsel an email, to the email address that she had received email in the past, requesting prompt communication

and explanation regarding said plaintiffs unanswered discovery request, (see Exhibit B, email sent to defense counsel);

7. As of today date, August 30, 2004 at 3:30pm, plaintiff has had no reply or communication from defense counsel.

**Wherefore**, pursuant to FRCivP, 36(a), since the 30 day time limit to answer admissions has well past and plaintiff request for admissions have not been answered and no requests to extend were made, and plaintiff has made an effort to contact defense counsel all of which to no avail, plaintiff now asks this Court for an order, "admitting" said admissions on the record as being "admitted to" by defendant Lerner. **In addition**, pursuant to FRCivP, 37(a)(4) this plaintiff asks for reasonable expenses incurred in making this motion in the amount of $250 and for whatever other sanctions that this Court can place upon defendants to motivate them to cooperate in discovery and the moving of this matter along, as this act is just intentional delay.

By, Plaintiff:
JAMES LATTANZIO pro se

*/s/ James Lattanzio/*

## CERTIFICATION OF SERVICE

This is to certify that on August 30, 2004 via U.S. first class postage paid the above motion was served upon to the following parties:

TO: Counsel for all defendants, Lewis, Lerner and Zdanys
M. J. Macarthy
Assistant Attorneys General
Office of the Attorney General
55 Elm Street
Hartford, CT 06141

TO: Counsel for plaintiff Galen Institute and Sandra Lattanzio
Thomas A. Amato
357 East Center Street
Manchester, CT 06040

Plaintiff,
JAMES LATTANZIO pro se

*/s/ James Lattanzio/*

2

## CERTIFICATION TO THIS COURT

This is to certify that on this date: AUGUST 30, 2004, pursuant to FRCivP, 37(a)(4), that on August 26, 2004 via email communication to defense counsel (copy enclosed within motion) plaintiff has made a good faith effort to obtain the requested discovery without Court action and that defense counsel as of the serving date of this motion, August 30, 2004 has not responded.

That the above statement by plaintiff is true and accurate.

BY:
James Lattanzio, pro se, plaintiff

_/s/ James Lattanzio_    Date: _August 30, 2004_

EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| GALEN INSTITUTE, LLC; <br> JAMES J. LATTANZIO, JR; <br> SANDRA J. LATTANZIO; <br> PLAINTIFFS <br> v. <br><br> VALERIE LEWIS; <br> BRENDA LERNER; <br> JONAS ZDANYS | CASE NO. 3:02-CV-1637 (JCH) <br><br> PLAINTIFF LATTANZIO'S FIRST SET OF INTERROGATORIES, **REQUEST FOR** PRODUCTION AND **ADMISSIONS** FOR DEFENDANT BRENDA LERNER <br><br> JULY 14, 2004 |

COPY

Pursuant to Federal Rule 26, the plaintiff James Lattanzio propounds the following interrogatories, requests for production and admissions upon the above plaintiff Brenda Lerner, to be answered under oath, and returned within 30 days of service. This plaintiff is requiring that these interrogatories be <u>SPECIFICALLY</u> answered, not in general terms but specifically. Any vague responses to avoid a specific and truthful answer will be brought to the Courts attention.

DEFINITIONS AND INSTRUCTIONS

When answering interrogatories, admissions and the production of documents:

"Defendant" means Brenda Lerner, individually and formally of the Connecticut Department of Higher Education.

"Communication" means every manner of transmitting or receiving information including all inquires, discussions, meetings, telephone conversations, letters, electronic mail messages, notes, Internet postings, telegrams, advertisements, web pages or other forms of interaction whether oral, written or electronic.

"Document", means any materials within the scope of Rule 34(a) of the Federal Rules of Civil Procedure. Document" includes material formatted or stored electronically, including without limitation e-mail and voice mail messages. "Document" includes any drafts and non-identical copies.

"Identify" or "Identification" when used in reference to:

a natural person: that you should provide (a) his/her full name; (b) current or last known home address; (c) current or last known employer and position; (d) current or last known business address; and the most recent date of each, if the information is not current.

a company, corporation, association, partnership, or any other entity not a natural person: means that you should provide the entity's present or last known full name, principal place of business state of incorporation, business address and telephone number/s.

a document: means that you should provide its character (e.g., letter memorandum, report, etc.) title, date, author/s, addressee/s, distributee/s, present location, and is custodian's identification; or, if such document is no longer in existence or in the possession of or subject to the control of the defendant, the disposition made of it and the circumstance and date of such disposition.

an oral statement or communication: means that you should provide its date and place where it occurred, its substance, the identification of each person to whom such statement or communication was made, each person by whom such statement or communication was made, and each person who was present when such statement or communication was made.

a proceeding: means that you should describe the nature of each such legal and/or general non-legal proceeding the date on which each proceeding was instituted, the names and addresses of the parties n each proceeding, identify each mark or alleged mark involved in each proceeding, and describe the outcome of each proceeding.

"Plaintiff's" means Jim Lattanzio, Sandra Lattanzio, and Galen Institute.

"Person" means any natural person, governmental body, governmental agency, corporation, partnership, proprietorship, organization, association, firm and/or other entity.

If any interrogatory or document request calls for the identification of any document or communication deems to be privileged, identify each document or communication so withheld and provide the following information" the basis for withholding the document or communication; a brief description of the type of document or communication including the date; the number of pages, attachments; name of author or originator; and the name of all recipients.

If any document requested or identified has been lost, destroyed, discarded or is not available for production by defendant, identify and describe the document as completely as possible, including the date and manner of disposal, reason for disposal, the person authorizing the disposal and the person actually disposing of the document.

If any knowledge, information and/or document requested is in existence, and/or not in the possession, custody or control of defendant, please identify the person/s or entity/ies in whose possession, custody or control it presently resides.

2

REQUEST FOR ADMISSIONS:

1. Admit or deny, all of the operational (filing, grading, contracts, etc.) procedures that Galen Institute used in prior years to your first onsite re-authorization visit were <u>approved</u> by the Commissioner of the Department of Higher Education.

2. Admit or deny, Galen Institute used a 50-minute clock hour (instruction block) per Connecticut statute.

3. Admit or deny, you never asked any Galen staff to explain how Galen tracked 50 minute clock hour of instruction versus wall clock hour when recording attendance.

4. Admit or deny, that you were primarily responsible for reviewing the yearly "reviewed" financial statements from Galen Institute.

5. Admit or deny, that during the Commission on Massage Therapy Accreditation onsite visit the Commission on Massage Therapy Accreditation evaluators asked you to verify the financials for Galen Institute.

6. Admit or deny, that during the Commission on Massage Therapy Accreditation onsite visit you informed the team that you did <u>approve</u> those financials as being in compliance with Connecticut statutes regarding financial requirements of an occupational school.

7. Admit or deny, that each year from the year you first evaluated the financials for Galen Institute you <u>approved</u> those financials as being in compliance with Connecticut statutes regarding financial requirements of an occupational school.

8. Admit or deny, that while you were present at the Commission on Massage Therapy Accreditation onsite visit you did order a meal for yourself.

9. Admit or deny, that you were present during the Commission on Massage Therapy Accreditation onsite visit from <u>approximately</u> 9 A.M. to 4 P.M.

10. Admit or deny, that <u>you</u> ordered Galen staff to bring all the student files into the Commission on Massage Therapy Accreditation evaluation room to which Galen staff was restricted from entering.

3

11. Admit or deny, the student files referenced in admission #10 contained not only information regarding Grades, attendance and education but also personal medical, financial and other personal history information.

12. Admit or deny, that the policy of the Department of Higher Education is to attend onsite accreditation visits to only "observe" recognized agencies.

13. Admit or deny, that when you entered Galen Institute and were present during the Commission on Massage Therapy Accreditation visit you were there under the aegis of or acting as a "designee" of the Commissioner of Department of Higher Education.

14. Admit or deny, that you violated the Department of Higher Education policy of merely "observing" the visit by actually participating.

15. Admit or deny, that during your onsite reauthorization visits to Galen, you also instructed Galen Institute to make changes to the school catalog.

16. Admit or deny, that during your or site reauthorization visits to Galen, you also instructed Galen Institute to make changes to the schools enrollment agreement.

17. Admit or deny, that during your or site reauthorization visits to Galen, you instructed Galen Institute to change its admissions policies by saying they must be "objective".

18. Admit or deny, that during your or site reauthorization visits to Galen, the changes that you caused Galen Institute to make had some cost involved to Galen.

19. Admit or deny, that to change a school catalog there would be at least a cost to reprint such catalog.

20. Admit or deny, that it is a Connecticut statute or regulation that: "Any complaint to the Commissioner of the Department of Higher Education be in writing."

4

21. Admit or deny, the Department of Higher Education routinely accepts phoned in complaints and then acts <u>against</u> occupational schools, based on them.

22. Admit or deny, you did not fully investigate the complaint Galen Institute filed against Connecticut Center for Massage Therapy in 2003, concerning advertising, soliciting, and enrolling students at a Groton branch school that Connecticut Center for Massage Therapy did not first obtain approval for.

23. Admit or deny, you <u>falsely stated</u> when you concluded, "Connecticut Center for Massage Therapy had not violated any state statutes". Regarding the complaint filed in request #22.

24. Admit or deny, regarding the complaint #22 Connecticut Center for Massage Therapy was in fact in violation of state statutes when it advertise, solicited an enrolled students for a branch campus that was not first approved by Department of Higher Education.

25. Admit or deny, regarding the complaint against Connecticut Center for Massage Therapy, in admission #22, you did not even determine that Connecticut Center for Massage Therapy enrolled students to a branch that did not exist, which was part of Galen's complaint.

26. Admit or deny, as a "designee" of the Commissioner of the Department of Higher Education, whenever you acted as such regarding your oversight of occupational schools your actions and acts carried the authority of the Commissioner.

27. Admit or deny, that during the r or site visit you informed the Commission on Massage Therapy Accreditation team that Galen Institute was going to be placed on probation.

28. Admit or deny, that you provided the Commission on Massage Therapy Accreditation evaluation team with your "opinions" regarding the student grading and attendance records.

29. Admit or deny, that Galen Institute <u>had</u> to display the "authorizing Certificate" from the Department of Higher Education with the bold printed word "Probationary" on it, in a public place.

5

30. Admit or deny, that in regards to admission #29 that by placing the "Probationary" Certificate in a public place, the public would view it.

31. Admit of deny, that if you visited a school that you were interested in attending and viewed a Certificate of Authorization on the wall that was stamped in bold "Probationary" you would not enroll.

32. Admit of deny, in your opinion, most people would not enroll in a school for a 6 month program if they read or thought the school could be closed in 3 months.

33. Admit or deny, Connecticut Center of Massage Therapy could use the fact that Galen Institute was placed on probation as a marketing tool by telling potential students to go look at the Certificate of Authorization.

34. Admit or deny, the statutes that govern the authorization of Galen Institute and all other occupational schools use the words "reasonably" and "adequately" repeatedly pertaining to the goals of the school on program, the records, the facility.

35. Admit or deny, that after Galen had filed a lawsuit against you, you were not allowed to go on the next onsite re-authorization visit to Galen Institute.

36. Admit or deny, that the commissioner, Valerie Lewis does not enforce the statutes and regulations regarding "unauthorized businesses that conduct occupational training.

37. Admit or deny, that the associate commissioner, Jonas Zdanis does not enforce the statutes and regulations regarding "unauthorized businesses that conduct occupational training.

38. Admit or deny, that the commissioner, Valerie Lewis does not enforce all the statutes and regulations regarding occupational schools.

39. Admit or deny, that the associate commissioner, Jonas Zdanis does not enforce all the statutes and regulations regarding occupational schools.

6

40. Admit or deny, that the department of higher education is allowing business's to conduct occupational training that are not authorized to do so under the statutes and regulations.

41. Admit or deny that the commission on massage therapy accreditation must have acted on your input from your attendance during the onsite visit.

STATEMENT UNDER OATH

I _____, state that the above admissions are being answered under oath and are true and accurate and is being returned within 30 days of the served date.

Signed BY: _____

Print Name: _____        Title: _____

The above named person has subscribed to and sworn before me the above oath, this _____ day of _____, 2004.

### CERTIFICATION OF SERVICE

This is to certify that on July 14, 2004 via HAND DELIEVERED the above interrogatories, request for production ard **request for admissions** to the following parties:

TO: Counsel for all defendants, Lewis, Lerner and Zdanys

M. J. Macarthy
Assistant Attorneys General
Office of the Attorney General
55 Elm Street
Hartford, CT 06141

TO: Counsel for plaintiff Galen Institute and Sandra Lattanzio

Thomas A. Amato
357 East Center Street
Manchester, CT 06040

Plaintiff,
JAMES LATTANZIO pro se

_____

7