UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GALEN INSTITUTE, LLC, ET AL, | ) | CIVIL ACTION NO. |
| *Plaintiffs* | ) | 3:02 CV-1637(JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| VALERIE LEWIS, ET AL | ) | |
| *Defendants* | ) | FEBRUARY 7, 2005 |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendants in above action respectfully move the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for the entry of an order granting them summary judgment. In support of this motion, the defendants respectfully submit that there are no genuine issues of material fact in dispute and the defendants are entitled to judgment as a matter of law on all of plaintiffs' claims insofar as:

i) plaintiffs' equal protection claims (Counts 1, 2 & 3) fail because plaintiffs can establish neither selective treatment, nor that the defendants' actions were based on any impermissible consideration such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious intent to injure;

ii) plaintiffs' substantive due process claims (Counts 4, 5 & 6) fail because no reasonable fact finder could conclude that defendants' actions "shock the conscience," and federal substantive due process claims cannot encompass or substitute for basic state tort law claims;

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

iii) plaintiffs' conspiracy claim under 42 U.S.C. § 1985 (Count 10) fails because plaintiffs can establish neither a conspiracy nor race, national origin, sex or other class-based invidious discriminatory animus;

iv) plaintiffs' federal law causes of action similarly fail because defendants are entitled to qualified immunity;

v) plaintiffs' state law causes of action (Counts 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19 & 20) fail because plaintiffs' federal law causes of action fail, as set forth above, and this Court hence lacks the basis to exercise pendent jurisdiction over such claims;

vi) plaintiffs' state law causes of action (Counts 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19 & 20) fail because the defendants are state officials and/or employees and who are cloaked with sovereign immunity, and the Connecticut Claims Commissioner has explicitly ruled under State law that plaintiffs are not entitled to a waiver of sovereign immunity in order to press such state law claims;

vii) plaintiffs' claims for tortious interference with contractual relations and/or business expectancy (Counts 7 & 8) fail because plaintiffs can establish neither malice nor intentional interference without justification;

viii) plaintiffs' claim of common law civil conspiracy (Count 9) fails because plaintiffs cannot establish a combination of two or more persons to do a criminal or unlawful act by criminal or unlawful means, and an act in furtherance of such an object;

ix) plaintiffs' claims for defamation (Counts 11 & 12) fail because plaintiffs cannot establish the elements of a viable cause of action for defamation, and defendants' actions were cloaked in absolute immunity or privilege in any event;

ix) plaintiffs' claim for intentional infliction of emotional distress (Count 13) fails because plaintiffs cannot establish that defendants harbored an intent to inflict emotional distress, that defendants' conduct was extreme and outrageous, or that any distress allegedly sustained was severe;

x) plaintiffs' claim for negligent infliction of emotional distress (Count 14) fails because plaintiffs cannot establish that defendants' conduct created an unreasonable risk of causing the plaintiffs' emotional distress, that any such purported distress was foreseeable, or that any such purported distress was severe;

xi) plaintiffs' claims for common law negligence and negligence per se (Counts 15, 17 & 19) fail because plaintiffs' cannot establish defendants violated any particular duty of care they owed the plaintiffs; and

xii) plaintiffs' claims for gross negligence (Counts 16, 18 & 20) fail because plaintiffs cannot establish defendants grossly violated any standard of care defendants owed the plaintiffs, and Connecticut recognizes no such cause of action in any event.

In further support of this motion, the defendants respectfully submit the accompanying statement of material facts not in dispute, memorandum of law in support of this motion, excerpts from the transcripts of the depositions of Valerie Lewis; Jonas Zdanys; Brenda Lerner; James Lattanzio; and Sandra Lattanzio, and the attached affidavits of Valerie Lewis; Thomas Tynan; Yuhang Rong; Shirley Cooper, Patricia Santoro; Scott Ciecko; Valerie Voner with accompanying attachments.                              .

                                                          DEFENDANTS

                                                          RICHARD BLUMENTHAL
                                                          ATTORNEY GENERAL

BY:    _/s/_____
           M.J. McCarthy
           Assistant Attorney General
           Federal Bar No. ct 09031
           55 Elm Street, P.O. Box 120
           Hartford, CT  06141-0120
           Tel: (860) 808-5210
           Fax: (860) 808-5385

## **CERTIFICATION**

I hereby certify that a copy of the foregoing *Defendants' Motion For Summary Judgment* was mailed first class mail postage prepaid on February 7, 2005 to:

James Lattanzio
c/o Galen Institute
1025  Silas Deane Highway
Wethersfield, CT   06109

Thomas Amato, Esq.
357 East Center Street
Manchester, CT   06040

                                                      __/s/_____
                                                      M.J. McCarthy
                                                      Assistant Attorney General