UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

| | |
|---|---|
| GALEN INSTITUTE, AT EL ) | CASE NO. 3:02-CV-1637 (JCH) |
| PLAINTIFFS ) | |
| ) | MOTION FOR SANCTIONS |
| v. ) | AGAINST DEFENDANT'S FOR |
| ) | FAILURE TO COMPLY WITH |
| ) | LOCAL RULE 56, (a) 1, 3, & (b) |
| VALERIE LEWIS, AT EL ) | |
| DEFENDANTS ) | APRIL 29, 2005 |

Plaintiff Lattanzio now comes before this Court and respectfully objects to the defendants "Local Rule 56 (a) 1 Statement Of Material Facts Not In Dispute," for defendants failure to comply with Local Rule 56 (a) 3. Plaintiff further objects because defendants failed to comply with Local Rule 56 (b) by not filing and serving upon this pro se plaintiff a "Local Rule 56 (b) Notice To Pro Se Litigant Opposing Motion For Summary Judgment," and represents the following:

1. On February 07, 2005 defendants filed with this Court and then served on this pro se plaintiff their motion for summary judgment, memorandum in support and defendants Local Rule 56 (a) 1 Statement Of Material Facts Not In Dispute.

2. Local Rule 56 (a) 1 reads in part that when filing the (a) 1-statement "paragraphs meeting the requirements of Local Rule 56 (a) 3.

3. Local Rule 56 (a) 3 reads in part that "Each statement of material fact by a movement . . . . . must be followed by a specific citation.

4. Local Rule 56 (a) 3 further reads in part that "The "specific citation" obligation of this Local Rule requires counsel to cite specific paragraphs when citing affidavits and to cite specific pages when citing . . . . . documents longer then a single page in length.

5. Defendants have failed to follow the requirements and obligations of in that

6. Defendants have failed to comply with the requirements of Local Rule 56 (a) 1 and 3, because the paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 19, 20, 21, 22, 23, 24, 25, 26 and 27 within said "statement" do not meet the requirements of Local Rule 56 (a) 3 by not citing specific paragraphs when citing affidavits.

7. Defendants have further failed to comply with the requirements of Local Rule 56 (a) 1 and 3, because the paragraphs 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 19, 20, 21, 22, 23, 24, 25, 26 and 27 within said "statement" do not meet the requirements of Local Rule 56 (a) 3 by not citing specific pages when citing documents longer then a single page in length.

8. In addition, the documents cited as exhibits within the "Jonas Zdanys affidavit" are miss marked and are clearly not the documents cited.

9. Defendants further failed to comply with Local Rule 56 (b) by not filing and serving upon this pro se plaintiff a "Local Rule 56 (b) Notice To Pro Se Litigant Opposing Motion For Summary Judgment,"

10. As of the date of this motion a PACER document history check of this case shows that no Local Rule 56 (b) filing has been made by defendants as is required, nor has counsel for plaintiffs Galen and S. Lattanzio received a copy.

11. The failure of the defendants to comply with the above-required 56 (a) 1 and 3 rule has caused this plaintiff much difficulty and excessive time in having to read through the thousands of pages, almost page by page, not being able to go directly to the specific paragraph and/or page.

12. The failure of the defendants to comply with the above-required 56 (a) 1 and 3 rule has caused this plaintiff much unnecessary cost and expense in having to have legal

counsel for Galen read through the thousands of pages, almost page by page, not being able to go directly to the specific paragraph and/or page.

13. The miss marking of exhibits have also caused this plaintiff and legal counsel for plaintiff Galen much difficulty and excessive time in having to read through the pages, almost page by page, not being able to go directly to the specific paragraph and/or page.

14. This plaintiff further represents and believes that this failure to comply with Local Rule 56 (a) 1 and 3 (when said rules are clearly written) will cause much delay in this Court being able to timely review and then rule on said motion or plaintiffs objection in effect needlessly and once again delaying this case.

15. The defendants further failed to comply with Local Rule 56 (b) by not filing and serving upon this pro se plaintiff a "Local Rule 56 (b) Notice To Pro Se Litigant Opposing Motion For Summary Judgment," when the rule is clear and unambiguous, and has caused this plaintiff difficulty, cost and delay.

16. Plaintiffs were in effect forced to "admit" to defendants statements in order to file a proper "statement" and objection to motion for summary.

Whereas, the defendants have failed to comply with Local Rule 56 (a) 1 and 3 and 56 (b), even when the Rule clearly outlines the requirements within. That this failure has caused plaintiff additional costs and will further and needlessly delay this case. This plaintiff prays for relief from this Court in the form of an appropriate sanction allowable by the Rule itself or for the following relief:

1. Reasonable costs for filing this motion of $250.

2. Reasonable costs for plaintiff Galen's counsel additional billable costs for time spent searching through defense documents, said costs to be submitted to and approved by this Court by plaintiff counsel.

3. That the Court disregard any defense evidence and/or claims not in compliance with Rule 56 (a) 1 and 2.

OR

4. That the Court deny the defendants motion for summary judgment.

Plaintiff,
JAMES LATTANZIO pro se

*James Lattanzio*   c/o
Galen Institute
1025 Silas Deane Highway
Wethersfield, CT 06109
(860) 721-1904

## CERTIFICATION OF SERVICE

This is to certify that on April 29, 2005 via US mail, first class, postage paid, a copy of the above motion for sanctions was served on the following parties:

Office of the Attorney General
M. J. McCarthy
55 Elm Street
Hartford, CT 06141

Thomas A. Amato
357 East Center Street
Manchester, CT 06040

Plaintiff,
JAMES LATTANZIO

4