UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GALEN INSTITUTE, LLC, ET AL, | CIVIL ACTION NO. |
| *Plaintiffs* | : 3:02 CV-1637(JCH) |
| | : |
| v. | : |
| | : |
| VALERIE LEWIS, ET AL | |
| *Defendants* | : MAY 13, 2005 |

## DEFENDANTS OBJECTION TO THE PLAINTIFF LATTANZIO'S MOTION FOR SANCTIONS

The defendants in the above entitled matter object to co-plaintiff Lattanzio's Motion for Sanctions for Failure to Comply with Local Rule 56. Although the defendants' technically failed fully to comply with Local Rule 56, it was through an inadvertent error of omission and not through an intentional act, "bad faith" or an attempt to delay the proceedings. If either co-plaintiff or co-plaintiff's counsel had contacted this office, the omissions could have been rectified and parties would have been able to avoid any extra time required in responding to the defendants' Motion for Summary Judgment.

1. On May 12, 2005, the defendants filed a Notice to Pro Se Litigant and mailed it to the co-plaintiff Lattanzio and plaintiffs' counsel Amato pursuant to Local Rule 56(b). The Local Rules call for the filing of this Notice at the time of filing the Summary Judgment for the protection of pro se parties, who may be unaware of the rules regarding summary judgment and unaware of the possible effects of an unopposed motion for summary judgment. The defendants omitted this notice to the pro se plaintiff.

The co-plaintiff Lattanzio is the sole member of Galen Institute, LLC and the Institute is represented by Attorney Thomas Amato. According to the Pacer system, Mr.

Lattanzio is the plaintiff in approximately eight lawsuits listed on the website for the Federal District Court in Connecticut and is familiar with the Federal Court system. (*See attached* pacer.uspci.uscourts.gov/cgi-bin/dquery.pl 5-13-05)  This pro se party, in his capacity as sole member of Galen Institute is represented by an attorney and is privy to the counsel of its attorney.  There is also unity of interest between the pro se plaintiff and the other represented parties.  It is clear from the Objection to the Motion for Summary Judgment, which was filed jointly, that the pro se party has knowledge of and information on the Fed. Rule 56 and the consequences of that rule.  The defendants inadvertently failed to timely file the Local Rule 56 Notice, but the plaintiffs including Lattanzio have suffered no harm as a result of this error.

2. With the permission of the Court, under separate cover, the defendants will file a **revised** copy of the Statement of Material Facts Not in Dispute, the Memorandum of Law in Support of the Motion for Summary Judgment, and the attached Exhibits, which will include any missing paragraph notations and/or page references in exhibits longer than one page as required under the Local Rule 56 (a)(3).  The defendants inadvertently omitted some paragraph notations and page numbers from the citations included on the Statement of Material Facts Not in Dispute and the Memorandum of Law.  The lack of notations in the previously mentioned documents was inadvertent and submitted unintentionally, and not in bad faith or in an attempt to cause the plaintiffs delay.  With the lack of citations, the Court, not as familiar as the parties with this matter, would also be at a disadvantage in reviewing the defendants' documents.  It is therefore, illogical to believe that the defendants would intentionally make it difficult for the Court to review and rule on their motion as well as, make it difficult for the plaintiffs to respond to

Summary Judgment. Although some of the exhibits are lengthy, the plaintiffs are very familiar with most if not all of the documents and many of the documents were the plaintiffs' own documents. The plaintiff Lattanzio indicated in his motion that he was required to review the documents page by page. Any party responding to a Motion for Summary Judgment would be expected to read each page of any opposing parties' pleadings. The defendants did not intend to cause any delay in this matter by omitting some citations. The plaintiff requested and received an additional six-seven weeks to respond to the Motion for Summary Judgment. Had any of the plaintiffs contacted defendants' counsel, every effort would have been made to rectify these omissions.

On March 7, 2005, when the plaintiffs requested an extension of time to respond to the Motion for Summary Judgment, an inquiry was not made of the defendants' position as is required by Local Rule 7(b)3. The defendants would not have objection to the extension of time, but were never given that opportunity. Despite the breach of the local rule, the defendants did not bring this to the Court's attention.

3.     On the Defendants' document entitled Local Rule 56(A)1 Statement of Material Facts Not in Dispute, the defendants inadvertently omitted citations following numbers three, four, five, six and seven. The plaintiffs have **admitted** each of these statements. The plaintiffs have challenged statement three, four, five and six, because they do not comply with Local Rule 56(a)3 in that they do not contain citations. The plaintiffs are well aware of the truth of these statements as they concern the plaintiffs' school, Galen Institute. The plaintiffs know that these statements are true as the statements are specific to the school and its authorization history with the Connecticut Department of Higher Education. With the permission of the Court, under separate cover, the defendants will

file a **revised** copy of the Statement of Material Facts Not in Dispute, the Memorandum of Law in Support of the Motion for Summary Judgment, and the attached Exhibits, which will include any missing citations for these paragraphs.

4. The plaintiffs also claim that the Zdanys exhibits were mislabeled. The Exhibits from the Department of Higher Education were not mislabeled and were clearly identified. Each letter contained attachments which were related to the letters from the Department of Higher Education. I t is unclear what caused the plaintiffs' confusion.

Finally, the defendants have made errors of omission in the filing of their Fed. R. of Civ. P. rule 56. The plaintiffs have not indicated under of which Federal Rules of Civil Procedure that sanctions are requested. Rule 11 sanctions are generally for pleadings or motion that are for an improper purpose, frivolous and lack a factual basis. However, the sanctions for Rule 11 under Fed. Rule of Civ. Proc., instructs that the motion is served upon the party twenty-one days prior to filing the motion in court, thereby allowing the non-moving party an opportunity to respond or withdraw the motion. The plaintiff did not proceed in this manner, but filed directly with the Court.

Fed. R. of Civ. P. Rule 56 provides for sanctions in response to affidavits which are submitted in bad faith. None of the affidavits were submitted in bad faith nor is there a claim from the plaintiffs for bad faith. The plaintiffs' only claim is that the documents were not marked as required by the Fed. R. of Civ. P. 56. The courts rarely imposed sanction under Fed. R. of Civ. P. 56, but when imposed, it has been for particularly egregious conduct. *Convoy v. Anchor Sav. Bank,* 810 F. Supp. 42, 48, 49 (E.D.N.Y. 1993) The defendants do not believe that sanctions are warranted in this case for omission of citations and the lack of notice to a pro se plaintiff.

WHEREFORE, the defendants respectfully request that this court deny the Motion for Sanctions.

**THE DEFENDANTS**

BY:/S/ M.J.McCarthy_____
M.J. McCarthy
Assistant Attorney General
Federal Bar No. ct 00319
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120
Tel: (860) 808-5210
Fax: (860) 808-5385

CERTIFICATION

I hereby certify that a copy of the foregoing Objection to the Motion For Sanctions was mailed by first class mail postage prepaid on May 13, 2005 to:

James Lattanzio
c/o Galen Institute
1025 Silas Deane Highway
Wethersfield, CT   06109

Thomas Amato
357 East Center Street
Manchester, CT   06040

/S/ M.J. McCarthy
M.J. McCarthy
Assistant Attorney General