DC/CT/NH
02-cv1637
Hall

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 19th day of June,   Two thousand and six.

PRESENT:
> HON. CHESTER J. STRAUB,
> HON. SONIA SOTOMAYOR,
> HON. PETER W. HALL,
> *Circuit Judges.*



---

JAMES LATTANZIO, GALEN INST. LLC,

SANDRA LATTANZIO,

> *Plaintiffs-Appellants,*

v.

**SUMMARY ORDER**
No. 05-6608-cv

DEPARTMENT OF HIGHER EDUCATION,

> *Defendant,*

VALERIE LEWIS, BRENDA LERNER,

> *Defendants-Appellees.*

---

JAMES LATTANZIO, *Pro se*, Windham, CT

M.J. MCCARTHY, Assistant Attorney General (Richard Blumenthal, Attorney General, Richard J. Lynch, Assistant Attorney General, Ralph E. Urban, Assistant Attorney General, on the brief), Hartford, CT

---

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant James Lattanzio, *pro se*, appeals from an order of the District Court for the District of Connecticut (Janet C. Hall, *Judge*), dated September 30, 2005, which granted defendants' motion for summary judgment and dismissed Lattanzio's complaint. We assume the parties' familiarity with the facts and procedural history of this case.

Defendants assert that Lattanzio failed to file his notice of appeal in a timely fashion. On November 9, 2005, Lattanzio timely moved for an extension of time – until November 15 – to file his notice. On November 21, the District Court granted Lattanzio's motion. Lattanzio's proposed period of extension already had passed, and the record does not reveal that the Court ordered Lattanzio to file his notice by any specific date.

Nine days later, upon defendants' motion for reconsideration, the District Court adhered to its decision extending Lattanzio's time to file his notice of appeal, although it noted that Lattanzio's proposed period of extension had passed. Nonetheless, the District Court again declined to specify a date by which Lattanzio should file his notice, which, in any event, he did two days later.

Under these particular circumstances – *i.e.*, where the proposed period of extension had passed by the time the District Court decided the *pro se* motion, and the District Court specified no other cutoff date – Lattanzio received the full benefit of the extension period as provided by Federal Rule of Appellate Procedure 4(a)(5)(C). That provision allows a District Court to extend the time to file a notice of appeal for 30 days beyond the original due date, or 10 days after the date on which the order granting the motion is entered, whichever is later. *See* Fed. R. App. P. 4(a)(5)(C). Under that standard, Lattanzio's notice of appeal was timely.

Lattanzio next maintains that the District Court improperly granted summary judgment

-2-

because defendants and the Court failed to afford Lattanzio notice, pursuant to Local Rule 56.2, of

the consequences of failing to respond properly to the motion.  Failure to afford such notice to a *pro*

*se* litigant ordinarily is a ground for reversal.  *See Vital v. Interfaith Medical Ctr.*, 168 F.3d 615, 620

(2d Cir. 1999).  However, notice is not required where the circumstances of the case indicate that the

*pro se* litigant understood the nature and consequences of the summary judgment process.  *See*

*Forsyth v. Federation Employment and Guidance Service*, 409 F.3d 565, 570-72 (2d Cir. 2005);

*Sawyer v. American Federation of Gov't Employees*, 180 F.3d 31, 35 (2d Cir. 1999).

In this case, the circumstances show that Lattanzio well understood the summary judgment

process.  With the aid of his co-plaintiffs' attorney, he signed and submitted a Statement of Material

Facts in response to the motion for summary judgment.  He also joined in the opposition papers

submitted by his co-plaintiffs' counsel.  He averred that he had met with his co-plaintiffs' counsel,

reviewed and assisted in their objections and accompanying papers, and fully agreed with and

supported the opposition.  These actions establish that Lattanzio understood the consequences of the

summary judgment motion.

Lattanzio next claims that the District Court erred by entertaining defendants' summary

judgment motion even though the papers failed to include citations to some of the referenced

exhibits.  Lattanzio further claims that the District Court erred by allowing defendants to supplement

their papers with proper citations.  The failure to include proper citations, while a technical violation

of Rule 56(a), was an unintentional oversight that caused Lattanzio no prejudice and that defendants

promptly corrected.  The alleged delay and difficulty Lattanzio claims he suffered is contradicted by

the fact that he rather easily joined his co-plaintiffs' opposition papers.  Further, the District Court

did not err by permitting defendants to supplement their papers to correct the very problem of which

Lattanzio complains.  Rule 56 allows the parties to supplement their summary judgment materials.

*See* Fed. R. Civ. P. 56(e) ("The court may permit affidavits to be supplemented . . . .").

Finally, because Lattanzio expressly set forth in his brief that he does not seek review of the merits of the District Court's grant of summary judgment, those substantive claims are waived.  *See Davis v. New York*, 316 F.3d 93, 102 n.5 (2d Cir. 2002).

Accordingly, the judgment of the District Court is hereby AFFIRMED.


FOR THE COURT:
Roseann B. MacKechnie, Clerk


By: *Lucille Carr*

-4-